# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| James S. Strickland, #271958, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden of Lieber Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____ ) | C/A No. 4:07-4103-GRA-TER<br><br><br><br>REPORT AND RECOMMENDATION |

Petitioner, James S. Strickland, ("petitioner/Strickland"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 26, 2007. Respondent filed a motion for summary judgment on March 20, 2008, along with supporting memorandum. The undersigned issued an order filed March 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition of respondent's motion for summary judgment on May 22, 2007.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is currently incarcerated in Lieber Correctional Institution pursuant to orders of commitment from the Clerk of Court of Anderson County. An Anderson County grand jury indicted petitioner in July 2000 for armed robbery and assault and battery of a high and aggravated nature.[2] Fletcher J. Johnson[3], Public Defender, represented petitioner on the charges. A jury trial was held on January 9, 2001, before the Honorable James W. Johnson, Jr. The jury convicted petitioner as charged. (Tr. p. 145). The judge sentenced him to twenty-three (23) years imprisonment for the armed robbery charge, and ten (10) years, concurrent, on the assault charge. (Tr. p. 150). Petitioner appealed.

Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented petitioner on appeal. Appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals on November 6, 2001, and presented the following issue for review:

> Did the solicitor's repeated references to appellant's failure to present evidence render his trial unfair?

(Final Brief of Appellant, p. 3).

The State filed its final brief in response on November 13, 2001. On May 6, 2002, the South

---

[2] Petitioner was charged with assaulting his mother and stealing her purse and car.

[3] Mr. Johnson is deceased and was deceased at the time of the PCR hearing.

2

Carolina Court of Appeals issued an unpublished opinion affirming the conviction. Petitioner filed a Petition for Rehearing on May 20, 2002, that was denied on June 26, 2002. Petitioner then filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on July 26, 2002, and raised the same issue for review. The State filed its return on August 20, 2002. On September 26, 2002, petitioner submitted an affidavit from the victim. On October 7, 2002, the State moved to strike the affidavit as an improper submission in the action. By letter dated October 8, 2002, the Supreme Court of South Carolina advised petitioner that his *pro se* filing would not be accepted or considered as he was presently represented by counsel. Further, the court advised that no action would be taken on the motion to strike in light of the court's treatment of the submission. On November 6, 2002, the Supreme Court of South Carolina denied the petition. The South Carolina Court of Appeals issued the remittitur on November 14, 2002.

On May 28, 2003, petitioner filed an application for post-conviction relief ("PCR"), and made the following allegations of error:

    (a)    Ineffective Assistance of Counseling;

    (b)    Conflict of Interest.

(2003 PCR Application, p. 2).

The State made its Return on October 5, 2004. Raymond MacKay, Esq., represented petitioner in the action. An evidentiary hearing was held December 8, 2005, before the Honorable James C. Williams, Jr. The PCR judge issued a written order denying relief on February 9, 2006. Petitioner appealed the denial of relief.

Wanda H. Carter, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented petitioner on appeal. Counsel filed a Petition

for Writ of Certiorari in the Supreme Court of South Carolina on July 31, 2006, and raised the following issue for consideration:

> Did the PCR court err in denying petitioner's allegation that trial counsel erred in failing to enter the proper objection in response to the solicitor's unconstitutional comments regarding petitioner's failure to present evidence at trial?

(Petition for Writ of Certiorari, p. 2).

The State made its return to the petition on October 19, 2006. The Supreme Court of South Carolina denied the petition on July 3, 2007, and issued the remittitur on July 19, 2007.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raises the following grounds:

| | |
|---|---|
| Ground one: | (i) Ineffective assistance of counsel - did not give Affidavit from Victim to solicitor or Judge; |
| Ground two: | (f) Prosecution would not let the affidavit for my lawyer and the one the will be attached to this form! |
| Ground three: | The Victim will state also I was in Ohio and the Belton Police Dept told my mother if I came home they would get! |
| Ground four: | Fletcher Johnson my Public Defender was in Competant to be my trial lawyer! |

(Habeas Petition, pp. 5-6).

## III. SUMMARY JUDGMENT

On March 30, 2008, the respondent filed a return and memorandum of law in support of his motion for summary judgment. Petitioner responded to the motion for summary judgment.

4

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

5

## IV.  STANDARD OF REVIEW

Since Strickland filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application"

phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

### V.  DISCUSSION AS TO PROCEDURAL BAR

#### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

#### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2)    An application for a writ of habeas corpus may be denied on the

> merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of

judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

Respondent asserts that he "[s]ees no exhaustion issue." (Memorandum p. 5).

### 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a

9

second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court,

and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that

11

specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI.  ANALYSIS

**Ground One**

In Ground One of the habeas petition, petitioner asserts that his counsel was ineffective for failing to present the victim's affidavit. Respondent argues that petitioner did not raise this issue to the PCR judge, or in the appeal from denial of relief. Further, respondent argues that the affiant that petitioner refers, his mother, was not called as a witness at the PCR hearing.  Thus, respondent asserts that the issue has been procedurally defaulted.

This issue was procedurally defaulted in state court under Coleman, supra, because it was not raised or ruled upon by the PCR judge. Further, the petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. It is noted from the trial transcript that petitioner's mother, the victim, was present at the trial and testified to basically the same facts in her affidavit. Trial counsel cross-examined the victim and victim testified that her son had never hurt her, that she was on medication the night of the incident, that she was under the influence of medication the night of the incident, and that she did not recall a lot of what happened including reading her statement. (See Trial Tr. 50-78). Secondly, petitioner did not have his mother testify as a witness at the PCR hearing. Additionally, the PCR court found that there was "overwhelming evidence of the Applicant's guilt." The PCR court found that The record reflects that the mother voluntarily came to the solicitors office and gave a statement as to what happened. The solicitor was able to call another assistant solicitor who verified the statement. The applicant was arrested after wrecking his mother's car. A butcher knife was found in the car that matched the weapon that he victim had described. Police also found a purse and various credit cards with the victim's name on them, a bottle of the victim's pills, several clothing items and jewelry." (PCR order, p.4).

Further, the Court of Appeals for South Carolina found in the facts and history section of the decision denying the appeal that the State presented the testimony of two police officers who testified that they responded to a call involving the victim, Marie Strickland, and her son. They both testified that when they arrived, Mrs. Strickland was frantic, scared, and crying. Officer Foster testified that she had cuts on her arms as well as fresh blood on her arms and on her nightgown. Both testified that Mrs. Strickland stated that she was asleep when her son woke her up asking for money. When she told him no, he held a knife to her throat, dragged her down the hallway causing her to suffer

abrasions and cuts to her arms. Officer Foster found that the telephone box had been cut and Officer McElrath stated that Mrs. Strickland did not appear to be under the influence or impaired in any way. There was also testimony at the trial from the victim's neighbor and victim's brother whose testimony mirrored that of the officers. When Mrs. Strickland was called to the stand, she testified that she agreed the signature on the statement she signed looked like hers but that she did not remember giving the statement and did not remember saying her son came into her bedroom and tried to take her purse or that he placed a knife at her throat and drug her down the hallway causing cuts and abrasions to her arms. Mrs. Strickland testified that she was groggy and had fallen out of bed and that she was "not really aware of what was going on during the incident because she was still under the influence of her medication. (Decision of South Carolina Court of Appeals).

Thus, to the extent that this claim is based upon an ineffective assistance of counsel in failing to present the victim's affidavit, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the

respondent's motion for summary judgment be granted as to Ground One.

**Ground Two**

In Ground Two, petitioner argues that the "Prosecution would not allow affidavit from Victim." Petitioner argues that the solicitor was informed of an affidavit from the victim before trial that would show his innocence but it was not submitted. Petitioner argues that the Belton Police Department Officer had taken his mother's statement but it was not presented at trial by the prosecution.

Respondent argues that an objection was not made at trial with regard to this allegation, nor an issue raised on direct appeal, nor such issue raised to and ruled upon by the PCR judge or raised in the PCR appeal. Therefore, respondent asserts that this issue has been procedurally defaulted.

A review of the evidence in this file reveals that this issue was not raised on direct appeal, not raised or ruled upon by the PCR court, and not raised in the petition for writ of certiorari. Therefore, this issue is procedurally defaulted from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Also, peitioner fils to sho cause and prejudice or that a failure to consider tehs claim will result in a fundamental miscarriage of justice.[4] Therefore, it is recommended that the respondent's motion for summary judgment be granted as to Ground Two.

**Ground Three**

In Ground Three of the habeas petition, petitioner asserts that "the victim will attest to Belton Police Department interest in Applicant." Petitioner argues that the victim would have stated that the Belton Police Department was "out to get him." (Petition, p. 6).

This issue does not allege an improper application of federal law that would be considered in federal habeas. Further, this issue was not raised at trial or in the direct appeal, nor was it raised in PCR or in the Writ of Certiorari. Further, the petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden[5]. Thus, it is procedurally barred from consideration by this Court and should be dismissed.

---

[4] Also see the reasoning under Ground One above.

[5] Again, it is noted that petitioner's mother did not testify at the PCR hearing, that she testified at the trial, and that she was cross-examined by trial counsel. See discussion under Ground One.

Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the respondent's motion for summary judgment be granted and Ground Three dismissed.

**Ground Four**

In Ground four, petitioner alleges that his trial counsel was incompetent in that he was allegedly under the influence of alcohol and cocaine before and during the trial.

Respondent argues that this issue is procedurally barred from federal habeas corpus review in that it was not raised to the state's highest court.

Petitioner did not raise this issue on appeal or at PCR. A review of the transcript from the PCR hearing reveals that petitioner testified that his counsel smelled of Vodka during the trial and that he saw his counsel take a pill. However, petitioner did not raise a specific allegation that his counsel was incompetent. Assuming *arguendo* that petitioner did raise this issue at PCR, the PCR judge did not rule upon or address said issue in the order of dismissal. Therefore, this issue is

17

procedurally defaulted. Further, the petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the respondent's motion for summary judgment be granted and Ground Four dismissed.

## VII.  DEFAULT JUDGMENT

On July 21, 2008, petitioner filed a motion for default judgment. On August 26, 2008, petitioner filed a motion requesting that the motion for default judgment be withdrawn stating that

he was sorry for the "mix-up". Based on the docket sheet, the respondent's return and motion were timely. It is RECOMMENDED that petitioner's motion to withdraw his motion for default judgment (doc. # 39) be Granted and the motion for default judgment (doc. #36) be dismissed.

## VIII.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document #15 ) be GRANTED.

It is FURTHER RECOMMENDED that petitioner's motion to withdraw his motion for default judgment (doc. #39) be GRANTED dismissing the motion for default judgment (doc. #36) and that all other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 29, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**