UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Strickland, #271958, ) | |
| ) | C/A No. 4:07-cv4103-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on January 29, 2009. The petitioner originally filed for relief under 28 U.S.C. § 2254, on December 26, 2007, arguing inter alia that his incarceration was in violation of the United States constitution because he had been denied the effective assistance of counsel. The respondent filed a motion for summary judgment on March 20, 2008. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 25, 2008, advising the petitioner about the consequences of failing to respond to the respondent's motion. On May 22, 2008, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment. He further recommends allowing the petitioner to withdraw his motion for default and deeming all other outstanding motions as moot. For the reasons stated

herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed objections on February 17, 2009.

In order for objections to be considered by a United States District Judge, a party must file with the clerk of court written objections that specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Furthermore, "[c]ourts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's specific objections. The plaintiff's objections are not specific and indicate that is he is merely dissatisfied with the magistrate's recommendation. The Court will not address these "objections."

## Objections

The petitioner makes reference to not having adequate access to a law library to draft an adequate response. The Supreme Court stated that prisoners must be provided access to a law library so that they can have meaningful access to the Court system. *Bounds v. Smith*, 430 U.S. 817 (1977). "[J]ail officials do not necessarily

have to provide a prisoner with free, unlimited access to photocopies of legal precedents in order to protect the prisoner's right to access to the courts." *Wanninger v. Davenport*, 697 F.2d 992 (11th Cir. 1983). The petitioner indicated that he requested the copies of some fifty cases in a two week time frame. This request unreasonable and unless the petitioner is willing to pay for the copies, then the petitioner is not being denied access to the courts. He does not allege that he is not given sufficient time or access to the library. This objection or allegation is without merit.

He also states that his lawyer during his Post-Conviction Relief hearing was not qualified to handle criminal matters. He makes a conclusory allegation that his lawyer was a "medical" attorney and not qualified to handle his post conviction relief. This issue was not raised before the magistrate, so this court is not required to address it. *See Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). In addition, the conclusory allegation that he was not qualified because he was a "medical man not a criminal law" is without merit as he cannot show prejudice. (Attachment to Objections). The relevant inquiry for a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1985). First, the petitioner must show that his counsel's performance was deficient. Second, the petitioner must show that the deficient performance prejudiced his defense. Id. at 687. In order to prove prejudice, the petitioner must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. The petitioner cannot cite to any

specific error in the PCR proceedings.  He argues that not having this mother at the hearing was the mistake.  Counsel is not ineffective for not raising a non-meritorious issue.  *See Peterson v. Murray*, 904 F.2d 882 (4th Cir. 1990).  His mother's presence at the PCR hearing was not erroneous and it did not cause the petitioner's prejudice.

For a federal court to grant relief in a state habeas petition, the state court adjudication must have resulted in a decision that was, "contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court."  *See Williams v. Taylor*, 529 U.S. 362 at 375-76 (2000); *Bell v. Jarvis*, 236 F.3d 149 at 157 (4th. Cir. 2000); 28 U.S.C. § 2254(d)(1) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *See* § 2254(d)(2).  The petitioner has not shown any grounds for relief under 28 U.S.C. § 2254.

### **Conclusion**

After reviewing the record, the Report and Recommendation, and the petitioner's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.  The petitioner's motion to withdraw his motion for default judgment be GRANTED.

IT IS ALSO ORDERED THAT the petition be dismissed and all other motions be denied as MOOT.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 25, 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.