UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James S. Strickland # 271958, | ) | |
| | ) | C/A No.: 4:07-cv-4103-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Warden, Leiber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's Motion to Reconsider this Court's Order of February 25, 2009, which adopted the magistrate's Report and Recommendation granting summary judgment for Respondent and dismissing Petitioner's petition brought pursuant to 28 U.S.C. § 2254.

Petitioner proceeds *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

This is Petitioner's second Motion to Reconsider the Court's order of February 25, 2009. This Court denied Petitioner's first Motion as untimely and because Petitioner's then-pending appeal of summary judgment deprived this Court of jurisdiction to entertain the motion. (*See* Order 1–2, ECF No. 105.) After the

United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal, Petitioner filed the instant Motion on September 14, 2010. (*See generally* U.S.C.A. J., ECF No. 115; Mot. for Recons., ECF No. 120.)

While this Court is no longer jurisdictionally barred from hearing a motion to reconsider, *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the instant Motion is, like its predecessor, untimely. *See* Fed. R. Civ. P. 59(e) (requiring a motion for reconsideration to be filed within 28 days of entry of judgment). Therefore, Petitioner's motion is denied.

Although Petitioner's Motion appears to be made under Federal Rule of Civil Procedure 59(e), the Court's duty of liberal construction requires the Court to also consider Petitioner's Motion as made pursuant to Rule 60(b). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (analyzing habeas petitioner's post-judgment motion under Rule 60(b) because it was untimely under Rule 59(e)). "[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Winestock*, 340 F.3d at 206 (quoting *Calderon v. Thompson*, 523 U.S. 538 (1998)). The question thus becomes whether Petitioner's motion is a proper Rule 60(b) motion or is a "successive application in [Rule] 60(b)'s clothing." *Id.* at 207 (quoting *Lazo v.*

*United States*, 314 F.3d 571 (11th Cir. 2002). In making the determination of whether a motion is proper under Rule 60(b), the Fourth Circuit has noted:

> [A] relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Winestock*, 340 F.3d at 207.

Here, the instant Motion is, in substance, a successive application. Petitioner challenges his conviction on grounds of ineffective assistance of counsel, an argument already rejected by this Court and the magistrate judge.[1] Thus, this Court may not consider the merits of Petitioner's claims in his "motion to reconsider" because he has failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court; accordingly, the Court lacks jurisdiction to hear a successive application. *See Kelly v. S.C. Dep't of Corr.*, No. 8:05-cv-454-TLW, 2010 WL 670034, at *2 (D.S.C. Feb. 22, 2010), *appeal*

---

[1] The remainder of the Motion alleges that personnel in Petitioner's place of confinement have racially discriminated against him. These allegations are irrelevant to petitioner's § 2254 claim.

*dismissed*, No. 10-6465, 2010 WL 2331960 (June 9, 2010), *cert. denied*, No. 10-5042, 2010 WL 3834506 (Oct. 4, 2010).[2]

IT IS THEREFORE ORDERED THAT Petitioner's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October  12 , 2010
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**

---

[2] In the alternative, the Court notes that even if Petitioner's Motion was a genuine Rule 60(b) motion, it would be untimely. *See* Fed. R. Civ. P. 60(c)(1); *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535 (4th Cir. 1991) (affirming district court decision that three month delay between judgment and Rule 60(b) motion was not reasonable). Moreover, the Court is unable to discern any grounds for relief in Petitioner's Motion that fall within the purview of Rule 60(b). The Court would therefore deny the Motion.